M. ALICIA BROW *vs.* FRANK A. STANTON, JR.   December 14, 1981. General Laws c. 93A, § 2(c), as appearing in St. 1967, c. 813, § 1, authorizes the Attorney General to promulgate regulations defining unfair and deceptive practices in the conduct of trade or commerce. See *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 765-766, 769-772 (1980). The regulations thus promulgated, 940 Code Mass. Regs. § 7.01 et seq. (1980), under the heading "Debt Collection Regulations," provide that, "[s]ubject to applicable law, after notification from an attorney for a debtor that all contacts relative to the particular debt in question should be addressed to the attorney, a creditor may contact the debtor only to perfect or preserve rights against the debtor or collateral securing the debt." § 7.04(2). The word "creditor" is defined to include an attorney acting for the person to whom the debt is owed. § 7.03(2).

In the present case a bank referred a debt owed by the plaintiff to the defendant, an attorney, for collection. The defendant commenced an action in a District Court and, after service on the plaintiff, but before an appearance or answer had been filed in her behalf, wrote her a letter which "suggested that you [the plaintiff] make arrangements with this office for settlement so that additional costs of court may be avoided by you, plus the necessity of you appearing in court." The defendant admitted that, prior to the referral to him, an attorney representing the plaintiff had notified the bank that he represented the plaintiff in the matter of the debt and that all future communications relative thereto should be addressed to him. By his deposition the defendant admitted that he had been informed by the bank of the plaintiff's representation by counsel.

In these circumstances we think that the judge erred in allowing the defendant's motion for summary judgment rather than the plaintiff's. By its terms the regulation is applicable, the letter in question not being directed towards "perfect[ing] or preserv[ing] rights against the debtor or collateral securing the debt"; and no contention has been made, here or in the Superior Court, that the regulation is invalid for any reason. The language of the regulation does not support the defendant's contention

that it has no application after an action to recover the debt has been commenced. The letter was not a pleading or other court paper of the type required by Mass.R.Civ.P. 5(a), 365 Mass. 745 (1974), to be served upon a party who is not represented by an attorney. See S.J.C. Rule 3:22, DR 7-104(A)(1), 359 Mass. 820-821 (1972) (see now S.J.C. Rule 3:07, DR-7-104 [A][1], 382 Mass. 786 [1981]).

Although the complaint sought one thousand dollars damages for the "mental anguish, injury and embarassment" suffered by the plaintiff, we infer from (1) the plaintiff's unrestricted motion for summary judgment in her favor based on pleadings and affidavits which did not establish any actual damages, (2) her acquiescing in a statement of agreed facts which is silent on the subject of damages, and (3) the absence of an assertion by her either in her brief or in the Superior Court that she is entitled to an opportunity to prove actual damages, that there is no need to remand the case for trial on that issue. Judgment is to be entered for the plaintiff in the statutory amount (G. L. c. 93A, § 9) of twenty-five dollars plus reasonable attorney's fees in an amount to be determined in the Superior Court.

*So ordered.*

The case was submitted on briefs.
*Frank A. Stanton, Jr.,* pro se.
*Norman P. Mamber* for the plaintiff.